WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 10-3700 TUC DCB(DPV) |
| Plaintiff, | |
| v. | |
| Ted Parks, | |
| Defendant. | **ORDER** |

On December 21, 2010, the Defendant appealed a Judgment for a misdemeanor conviction entered by Magistrate Judge Velasco for speeding within a park area: the Saguaro National Park, East. On October 4, 2011, this Court found for the Defendant and reversed the conviction. It was undisputed that the Defendant was speeding in the northbound lane on Freeman Road, and that the park boundary is the section line, which is also the center of the right-of-way for Freeman Road. It was undisputed that the road right-of-way is 30 feet on either side of the section line. The sole issue disputed by Defendant was whether or not the actual road surface upon which he was driving was on the 30 feet of right-of-way lying to the park-side of the section line.

The Magistrate Judge heard the evidence and concluded the Government had proved its case. This Court reviewed the transcript and the documents, especially the letter by Ms. Jarzombek where she expressed her opinion that the park service had jurisdiction to enforce the speed limit east of the section line on the northbound lane of Freeman Road. This Court found Ms. Jarzombek's testimony and her letter to be inconclusive regarding the actual

location of the road surface and, therefore, insufficient to establish that the northbound lane of Freeman Road is within the Saguaro National Park, East.

On November 3, 2011, the Defendant filed a Motion for Attorney Fees and Costs, pursuant to the Hyde Amendment.

The Hyde Amendment, 18 U.S.C.A. § 3006A, provides: ". . . , in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) . . . , [the Court] may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust." Awards under the Hyde Amendment "shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code." "Fees and other expenses awarded under this provision to a party shall be paid by the agency over which the party prevails from any funds made available to the agency by appropriation. No new appropriations shall be made as a result of this provision." 18 U.S.C. § 3006A.

The Hyde Amendment is aimed at prosecutorial misconduct, not prosecutorial mistake." *United States v. Gilbert*, 198 F.3d 1293, 1304 (11th Cir. 1999). Fees should not be awarded simply because a reasonable prosecutor should have concluded that the government would lose the case, "but rather when the prosecution was unwarranted because it was intended to harass and without sufficient foundation." *United States v. Sherburne*, 506 F.3d 1187, 1188 (9th Cir. 2007). The Defendant has to show the Government's position was frivolous and that means: "foreclosed by binding precedent or so obviously wrong as to be frivolous." *United State v. Braunstein*, 281 F.3d 982, 995 (9th Cir. 2002).

In conclusion, the case law and the legislative history for the Hyde Amendment reflects that a defendant must show that prosecutors were not just wrong, they were willfully wrong or the case was frivolous. *Id.* (citations omitted). A claim is considered legally

2

frivolous when it lacks an arguable basis in either law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This is not such a case. First, there is no evidence of bad faith on the part of the Prosecutor. Defendant may believe that the Prosecutor should have known his case would fail, but it cannot be said it was wholly without any legal merit.

**Accordingly,**

**IT IS ORDERED** that the Motion for Attorney Fees (doc. 21) is DENIED.

DATED this 20th day of March, 2012.

David C. Bury
United States District Judge